## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** ) ) ) | |
| **Plaintiff,** ) ) | |
| ) | **CIVIL ACTION NO.** |
| **v.** ) ) | |
| ) | **COMPLAINT** |
| **HOUCHENS FOOD GROUP, INC. d/b/a PIC-N-SAV** ) ) ) | |
| ) ) | **JURY TRIAL DEMAND** |
| **Defendant.** ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to Patricia White and a class of female employees who were adversely affected by such practices. As alleged with greater particularity in paragraphs eleven (11) through twenty-nine (29) below, Defendant Houchens Food Group, Inc. d/b/a Pic-N-Sav ("Defendant" or "Houchens Food"), discriminated against Patricia White and a class of female employees by subjecting them to harassment because of sex (female) at Defendant's Evergreen, Alabama, location, and failed to take prompt, remedial action to stop the harassment.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Alabama, Southern Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant has continuously been a foreign corporation doing business in Conecuh County, Alabama, and has continuously employed at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6.      More than thirty days prior to the institution of this lawsuit, Patricia White ("White") filed a Charge of Discrimination with the Commission alleging violations of Title VII by Defendant.

7.      On March 29, 2021, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.      In its efforts to conciliate, the Commission engaged in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9.      On May 5, 2021, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10.     All conditions precedent to the institution of the lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11.     Defendant, headquartered in Bowling Green, Kentucky, owns and operates grocery stores in several states in the United States.

12.     Defendant owns and operates a grocery store located in Evergreen, Alabama.

13.     From at least 2015 to 2020, Benjamin Jackson Macks ("Macks") was a customer at Respondent's Evergreen, Alabama store.

14.     From approximately as early as the summer of 2015 until at least September 2020, Defendant engaged in unlawful employment practices at its Evergreen, Alabama, location in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Specifically, Defendant allowed Macks to subject White and a class of female employees at Respondent's Evergreen, Alabama store to discrimination on the basis of sex (female).

15.     From 2015 to at least September 2020, Respondent repeatedly allowed Macks and other male customers to enter the Evergreen store and repeatedly sexually harass female employees. Macks and other male customers would touch female employees on their stomachs, their sides, and their hips, despite their objections. At least some of the incidents involved Macks approaching and touching or tickling female employees from behind with their backs turned to him. Some of the female employees Macks touched were minors.

16.     In or around July 2019, White began working as a cashier in Respondent's Evergreen, Alabama, store and remained working there until July 2020.

17.     On numerous occasions throughout the period of time that White worked for Respondent, Macks would enter the store and touch her arms, stomach, and inside her shirt, including grabbing and tugging her arms, poking her in the belly button, and touching her belt-loop area. The touching made White feel uncomfortable, was not welcome, and was sexual in nature. Macks would make statements such as "Let me touch you again right there," and "I have permission to come here and permission to touch you."

18.     White repeatedly objected to Macks's sexual advances and comments beginning the first time that he approached her.

19.     White complained of Macks's conduct numerous times to store management, including the Assistant Manager and Office Manager, but no action, or no effective action, was taken to stop the harassment.

20.     In April 2020, Macks entered the store and started touching White while her back was turned. White immediately complained to the Office Manager but the Office Manager just shrugged her shoulders at White. White left her register and told the Assistant Manager she was fed up and wanted Macks's conduct to stop.

4

21.    The next day, Macks entered Respondent's Evergreen store and again touched White, who was at the cash register. White complained to the Office Manager again, who responded, "There is only so much I can do." The Office Manager also told her the Store Manager was not going to ban Macks because he was a grandfather and a regular customer.

22.    On June 5, 2020, Macks again touched White from behind. When White told Macks he was not supposed to be in the store, he replied, "I have permission to come here and permission to touch you." White immediately complained to the Office Manager, who did nothing. White left her register and complained to the Assistant Manager who instructed her to call the police if she wanted. White called the police on her personal cell phone because the Office Manager told her she could not use the phone in the store while on duty.

23.    The Evergreen Police Department responded to White's call on June 5, 2020 and issued Macks a trespass notice completed by Respondent's manager at the scene.

24.    Subsequently on June 5, 2020, Respondent's District Manager instructed the Store Manager to ban Macks and informed the Respondent's Human Resources Department of the incident.

25.    Macks's harassment was unwelcome and affected the work performance of White and the class of female employees.

26.    Respondent's management, including the Store Manager and the Night Manager at the Evergreen store, were aware that Macks and other male customers had been inappropriately touching female employees for several years before June 2020 but failed to take prompt remedial action to end the harassment.

27.    Even after Macks was banned from the store in June 2020, he was still allowed to enter the store up to at least September 2020.

5

28.     The unlawful employment practices complained of in paragraphs eleven (11) through twenty-seven (27) above subjected White and a class of female employees to a hostile work environment based on sexual harassment.

29.     The unlawful employment practices complained of in paragraphs eleven (11) through twenty-seven (27) above were done with malice or with reckless indifference to the federally protected rights of White and a class of female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from engaging in employment practices that discriminate on the basis of sex.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make whole Patricia White and the class of female employees, by providing, as appropriate, compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs eleven (11) through twenty-nine (29) above, in amounts to be determined at trial.

D.     Order Defendant to pay punitive damages for its malicious and reckless conduct described in paragraphs eleven (11) through twenty-nine (29) above, in amounts to be determined at trial.

E.     Grant such further relief as the Court deems necessary and proper in the public interest.

6

F.    Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED,

Gwendolyn Young Reams
General Counsel

U.S. Equal Employment Opportunity Commission
131 M. Street E
Washington, DC 20507

MARSHA RUCKER (PA Bar No. 90041)
Regional Attorney
marsha.rucker@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street, South
Birmingham, Alabama 35205
Telephone: (205) 651-7045
Facsimile: (205) 212-2041

7